UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:17-cv-62320-UU

ISEMONA MELIDOR,

    Plaintiff,

v.

OCWEN LOAN SERVICING, LLC, *et al.*,

    Defendants.
    _____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Deutsche Bank National Trust Company's Motion to Dismiss (D.E. 14) and Defendant Ocwen Loan Servicing, LLC's Motion to Dismiss (D.E. 15).

THE COURT has considered the Motions, the pertinent portions of the record and is otherwise fully advised in the premises.

For the reasons set forth below Deutsche Bank's Motion is denied, and Ocwen's Motion is granted in part and denied in part. Counts Two through Seven are dismissed without prejudice and with leave to amend for failure to adequately plead statutory damages. In all other respects, Ocwen's Motion is denied.

## FACTUAL ALLEGATIONS

Except as otherwise noted, the following facts are taken from the Complaint. D.E. 1.

Plaintiff, Isemona Melidor, owns a home that she acquired with a loan secured by a mortgage. D.E. 1 ¶ 2–4. Defendant, Ocwen Loan Servicing, LLC ("Ocwen"), services the

mortgage.  *Id*. ¶ 3.  Defendant, Deutsche Bank National Trust Company ("Deutsche Bank"), owns it.  *Id*. ¶ 4.

Plaintiff alleges that she timely payed her monthly mortgage payments with automatic debits from her bank account.  *Id*. ¶ 31.  Nevertheless, without any prior notice or consent from Plaintiff, Ocwen automatically deducted $1,313.64 from Plaintiff's account on July 2, 2015.  *Id*. D.E. 32.  Ocwen deducted additional sums on August 10, 2015.  *Id*..  After the August 10 deduction, Ocwen cancelled all of Plaintiff's automatic payments and refused to accept any payments from her.  *Id*. ¶ 33.

On September 8, 2015, Ocwen sent Plaintiff a Notice of Default stating that she was $13,448.57 in arrears and that a foreclosure action could follow within fourteen days.  *Id*. ¶ 34, Ex. 10.  A week later, Ocwen sent Plaintiff a Pre-Foreclosure Referral Letter, stating that she was in default.  *Id*. ¶ 35, Ex. 11.  In response to this letter, Plaintiff sent Ocwen a letter disputing the balance due and requesting a verification of her alleged debt.  *Id*. ¶ 37.  In that letter, Plaintiff reminded Ocwen that in May, 2012, they had entered into a loan modification agreement and that Plaintiff had timely made all payments required under that agreement.  *Id*.  Plaintiff also notified Ocwen of the unauthorized charges debited from her account and its refusal to accept further payment from her.  *Id*.  Ocwen did not respond to Plaintiff's dispute letter.  *Id*. ¶ 38.

On November 23, 2015, Ocwen filed a foreclosure complaint against Plaintiff claiming a default date of November 1, 2014.  *Id*. ¶ 39.  In July, 2016, Ocwen voluntarily dismissed that action for failure to include the modification agreement as part of the complaint.  *Id*. ¶ 49.

In December, 2015, Plaintiff sent Ocwen a Request for Information ("RFI #1").  *Id*. ¶ 41.  Ocwen replied to this RFI on July 27, 2016, but did not provide all of the information requested.  *Id*. ¶ 48.

On or about June 6, 2016, Plaintiff sent Ocwen a Notice of Error explaining that Ocwen failed to apply Plaintiff's payments made pursuant to the loan modification agreement ("NOE #1"). *Id.* ¶ 45. Plaintiff also requested that Ocwen provide a transaction history for the loan, correspondence that Ocwen sent to Plaintiff, and information that Plaintiff previously requested but which Ocwen never sent. *Id.* Ocwen received NOE #1 on June 9, 2016. *Id.* ¶ 47. On July 27, 2016, Ocwen sent a payment history, but provided no other information in response to NOE #1. *Id.* ¶ 121.

On or about August 30, 2016, Plaintiff sent Ocwen a second Notice of Error and Request for Information ("NOE #2"). *Id.* ¶ 50, Ex. 19. NOE #2 stated that Ocwen failed to properly respond to RFI #1 and NOE #1. *Id.* Ocwen responded on September 30, 2016. *Id.* ¶ 55, Ex. 22. Ocwen's response described, among other things, the origin and service history of the loan, and that it was modified in May, 2012. *Id.*, Ex 22.

On or about September 14, 2016, Plaintiff sent Ocwen a third Notice of Error ("NOE #3"). *Id.* ¶ 52, Ex. 20. It stated that Ocwen failed to accept Plaintiff's payments, to apply payments to the balance of the loan, and to credit a payment to her loan as of the date of receipt. *Id.* It also stated that Ocwen failed to provide proper notice before filing a foreclosure action, included misleading charges on a pay-off quote, and charged late fees. *Id.* Plaintiff requested that Ocwen fix these errors, reinstate the loan, and pay $5,000 in damages. *Id.* Ocwen sent Plaintiff a five-page response to NOE #3 on October 3, 2016. *Id.* ¶ 57, Ex. 23.

On September 28, Ocwen sent Plaintiff a Reinstatement Quote. *Id.* ¶ 54, Ex. 21. The Reinstatement Quote listed the balance Plaintiff had to pay to reinstate the loan. *Id.* It also included certain fees, but stated "repayment of [the fees] is not necessary to reinstate the loan at this time . . . ." *Id.*

3

Plaintiff sent Ocwen a fourth Notice of Error on or about June 28, 2017 ("NOE #4").  *Id*. ¶ 59, Ex. 24.  NOE #4 listed numerous errors, but focused primarily on Ocwen' s failure to provide Plaintiff with customer service notes.  *Id*.  Ocwen replied on or about August 8, 2017.  *Id*. ¶ 63, Ex. 27.  Among other things, the five-page response stated Ocwen would not provide customer service notes because "they are for internal purposes only."  *Id*.

Plaintiff sent Ocwen a fifth Notice of Error on October 5, 2017.  *Id*. ¶ 66–67, Ex. 28.  NOE #5 largely reiterated the alleged errors of the previous NOEs, but described them in greater detail.  *Id*.  Ocwen sent Plaintiff a letter acknowledging receipt of NOE #5, on October 31.  *Id*. ¶ 69, Ex. 30.  Ocwen has not, however, provided a response.  *Id*. ¶ 70.

Plaintiff alleges that Ocwen's errors and delay in correcting them has caused her the following harm: damage to her credit, legal fees, fees for mortgage advisors, the cost of sending the RFI and NOEs via certified mail, and emotional distress.  *Id*. ¶¶ 72–76.

Plaintiff alleges that Ocwen engages in a "pattern and practice" of violating Regulation X and the Real Estate Settlement Procedures Act ("RESPA").  *Id*. ¶ 78.  In support of this allegation, Plaintiff alleges that Ocwen has several thousand complaints lodged against it with the Consumer Financial Protection Bureau ("CFPB").  *Id*. ¶¶ 79–80.

Plaintiff brings seven claims against Defendants.  In Count One, Plaintiff alleges that Ocwen and Deutsche Bank breached the loan agreement.  *Id*. ¶ 83.  Count One is the only claim against Deutsche Bank.  In Count Two, Plaintiff claims that Ocwen violated 12 C.F.R. § 1024.41 by initiating foreclosure proceedings when her mortgage was not 120 days delinquent.  *Id*. ¶ 92–94.  In Count Three, Plaintiff alleges that Ocwen violated 12 C.F.R. § 1024.36 by failing to

timely respond to her requests for information.  *Id*. ¶¶ 98–100.  In Counts Four through Seven,[1] Plaintiff alleges that Ocwen violated 12 C.F.R. §1024.35(e) by failing to adequately respond to NOEs #1–4.  *Id*. ¶¶ 116–164.  In Count Eight, Plaintiff alleges that Ocwen violated the Florida Consumer Collections Practices Act ("FCCPA") by attempting to collect on a debt it knew was not legitimate.  *Id*. ¶ 201–203.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) provides that a plaintiff's pleading "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  The Supreme Court has stated that a plaintiff must submit "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In considering a motion to dismiss for failure to state a claim, the "plausibility standard is met only where the facts alleged enable 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Simpson v. Sanderson Farms, Inc.*, 744 F.3d 702, 708 (11th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678)).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557)).  Although "[a] plaintiff need not plead 'detailed factual allegations[,] . . . a formulaic recitation of the elements of a cause of action will not do,'" and the plaintiff must offer

---

[1] Plaintiff incorrectly numbers her claims by calling two different claims "Count Six."  For the Court's purposes, it refers to Plaintiff's claim for failure to respond to NOE #4 as Count Seven, and her FCCPA claim as Count Eight.

in support of its claim "sufficient factual matter, accepted as true, to 'raise a right to relief above the speculative level.'" *Simpson*, 744 F.3d at 708 (quoting *Twombly*, 550 U.S. at 555)).

## DISCUSSION

### I. Deutsche Bank's Motion to Dismiss Count I

Deutsche Bank moves to dismiss Count I to the extent that it alleges that Deutsche Bank breached a contractually created fiduciary duty. D.E. 14, 27; *see also* D.E. 1 ¶¶ 87–88. Plaintiff responds that she is not alleging a breach of a fiduciary duty, but points instead to other alleged breaches. D.E. 18. In its reply, Deutsche Bank admits that Plaintiff alleges other non-fiduciary breaches, but argues that Count I should be dismissed to the extent it ostensibly asserts a breach of fiduciary duty claim.

Given that the Parties agree that the Complaint does not allege a breach of a fiduciary duty, and given that the Parties agree that the Complaint alleges other breaches, dismissal of Count I is not warranted. The Court will, however, strike paragraphs 87 and 88, pursuant to Rule 12(f).

### II. Ocwen's Motion To Dismiss Counts One through Seven

A. Count One States a Claim

Like Deutsche Bank, Ocwen moves to dismiss Plaintiff's breach-of-contract claim on the grounds that it is premised on a breach of a nonexistent contractual fiduciary duty. Plaintiff again concedes that she is not bringing a breach of fiduciary duty claim, and Ocwen concedes that Plaintiff alleges other contract breaches. *See* D.E. 24, 31. Accordingly, the Court will not dismiss Count I, but will strike paragraphs 87 and 88.

### B.  Count Two Adequately Pleads Actual Damages

In Count Two, Plaintiff alleges that Ocwen violated 12 C.F.R. section 1024.41, which makes it unlawful for a mortgage-loan servicer to file a foreclosure action unless the borrower's repayment obligation is more than 120 days delinquent.  *See* 12 C.F.R. § 1024.41(f)(1).  Ocwen moves to dismiss this claim for failure to adequately plead actual damages.

Under RESPA, a Plaintiff may recover "'(A) any actual damages to the borrower as a result of the failure; and (B) any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section.'"  *Renfroe v. Nationstar Mortg.*, LLC, 822 F.3d 1241, 1245–46 (11th Cir. 2016) (quoting 12 U.S.C. § 2605(f)(1)).  "[D]amages are an essential element in pleading a RESPA claim."  *Id.* at 1246.  Actual damages arise "as a result of" the alleged violation, and therefore there must be a "causal link" between the alleged violation and the damages.  *Id*.

Ocwen argues that Plaintiff has failed to plead actual damages for two reasons.  First, Plaintiff's allegation that her credit suffered a "black mark" is insufficient.  Second, Plaintiff's allegation that she incurred attorney's fees and costs as a result of the foreclosure cannot support her claim because she was already awarded attorney's fees in the state-court foreclosure action.  Plaintiff does not respond to Ocwen's argument that an alleged "black mark" is not sufficient to plead actual damages.  As to Ocwen's second argument, Plaintiff states that she "is not asking for her attorney [sic] fees in defending the foreclosure matter." D.E. 24, p. 4.

The Court disagrees with Ocwen; Plaintiff has alleged actual damages.  Plaintiff alleges that she incurred costs in hiring mortgage service professionals (not including her foreclosure-defense attorney) to assist her in her dealings with Ocwen.  *Id.* ¶ 40, 74.  She also incurred costs in sending each of the RFIs and NOEs, which she sent, at least in part, in response to the

foreclosure action. *Id*. ¶ 75. Finally, she alleges that she suffered emotional distress.[2] *Id*. ¶ 76. Accordingly, this claim (and for the same reasons, Plaintiff's other RESPA claims) adequately plead actual damages.

### C. Counts Two Through Seven Fail to Plead Statutory Damages

Ocwen moves to dismiss Plaintiff's remaining RESPA claims for failure to adequately plead statutory damages. To recover statutory damages under RESPA, a plaintiff must plead a "pattern or practice of noncompliance." 12 U.S.C. § 2605(f)(1); *see also Mejia v. Ocwen Loan Servicing, LLC*, 703 F. App'x 860, 864 (11th Cir. 2017). A pattern or practice requires that a plaintiff allege some RESPA violations "with respect to other borrowers." *Renfroe v. Nationstar Mortg.*, LLC, 822 F.3d 1241, 1247 (11th Cir. 2016) (citing *Toone v. Wells Fargo Bank, N.A.*, 716 F.3d 516, 523 (10th Cir.2013)). There is no "magic number" of violations that creates a pattern or practice, but two are likely insufficient, whereas five are sufficient. *Id*. Here, Plaintiff does not allege any other RESPA violations "with respect to other borrowers." Rather, she alleges that Ocwen has several thousand complaints lodged against it with the CFPB. D.E. 1 ¶ 79–80. She does not, however, allege that any of these complaints relate to RESPA violations. Another court in this Circuit has confronted this same issue, and the Court finds its reasoning persuasive:

> Simply, "complaints" do not equate to "noncompliance," and the undersigned declines to speculate as to a threshold number of alleged consumer complaints that would sufficiently plead a pattern or practice of noncompliance. *See Brooks v. Scheib*, 813 F.2d 1191, 1193–1195 (11th Cir.1987) (in considering whether there was a pattern or practice of excessive force by police officers, "the number of complaints bears no relation to their validity" and it is the validity of an

---

[2] The Eleventh Circuit has not stated definitively whether emotional damages are recoverable under RESPA but it has held that the term "actual damages" should be construed broadly and, "based on the interpretations of 'actual damages' in other consumer-protection statutes that are remedial in nature, plaintiffs arguably may recover for non-pecuniary damages such as emotional distress and pain and suffering, under RESPA." *McLean v. GMAC Mortg. Corp.*, 398 F. App'x 467, 471 (11th Cir. 2010). Accordingly, the Court will not bar Plaintiff from seeking emotional damages.

>excessive force complaint that is pertinent). Bennett has offered no authority to support the proposition that alleging the existence of consumer complaints in the CFPB database is sufficient factual pleading to sustain a RESPA statutory damages claim. The Court is provided no information as to the author, date, details, merit, or resolution of these supposed complaints. This is exactly the type of barebones "pattern and practice" allegation that does not satisfy minimum pleading requirements for Rule 12(b)(6) purposes.

*Bennett v. Nationstar Mortg., LLC*, No. CV 15-00165-KD-C, 2015 WL 5294321, at *12 (S.D. Ala. Sept. 8, 2015). For the same reasons, this Court finds that Plaintiff has failed to adequately plead statutory damages. The Court will dismiss these claims without prejudice and with leave to amend this deficiency. Because this error is minor and relatively easy to correct (Plaintiff could, for example, review the complaints, which are publically available on the CFPB's website) the Court will only grant leave to amend once. <u>If Plaintiff fails to correct this error in the First Amended Complaint, the Court will dismiss these claims with prejudice</u>. Additionally, in amending these allegations, Plaintiff may not simply allege that she has reviewed some of the CFPB complaints and found other alleged RESPA violations. She must provide, at least, the date and details of the complaints. The Court would find it helpful if Plaintiff attached them as exhibits to the First Amended Complaint.

    D.  <u>Counts III Through V Are Not Undermined by Ocwen's Exhibit</u>

Ocwen moves to dismiss Counts III through V on the additional basis that, contrary to Plaintiff's allegations, Ocwen did respond to RFI #1. Ocwen attaches its response to RFI #1 as an exhibit to its motion. Ocwen argues that the Court may consider the letter at the motion-to-dismiss stage because the Complaint expressly references it, it is central to Counts Three through Five, and its authenticity cannot be disputed. *See, e.g.*, *Maxcess, Inc. v. Lucent Technologies, Inc.*, 433 F.3d 1337, 1340 n. 3 (11th Cir. 2005). Ocwen is incorrect. First, the Complaint does not expressly reference the letter. On the contrary, the Complaint alleges that Plaintiff received

no response to RFI # 1.  D.E. 1 ¶ 24.  Additionally, the Court cannot conclude from the exhibit that Ocwen sent this letter or that Plaintiff received it.  Discovery may yet prove Ocwen correct, but at this stage the Court cannot dismiss Counts Three through Five on this basis.

## **CONCLUSION**

In light of the foregoing, it is hereby

ORDERED AND ADJUDGED that Deutsche Bank's Motion (D.E. 14) is DENIED.  It is further

ORDERED AND ADJUDGED that paragraphs 87 and 88 of the Complaint are STRICKEN.  Plaintiff shall remove them when she files her amended complaint.  It is further

ORDERED AND ADJUDGED that Ocwen's Motion (D.E. 15) is GRANTED IN PART AND DENIED IN PART.  Counts Two through Seven are DISMISSED WITHOUT PREJUDICE.  Plaintiff may file an amended complaint, if she wishes, to correct the deficiencies identified in this Order no later than **Monday, March 5, 2018.**  It is further

ORDERED AND ADJUDGED that the Initial Planning and Scheduling Conference in this matter is hereby RESET to **Friday, March 23, 2018, at 10:00 A.M.**

DONE AND ORDERED in Chambers at Miami, Florida, this 25th__ day of February, 2018.

_____
UNITED STATES DISTRICT JUDGE

cc:  counsel of record via cm/ecf